## BARNES v. PESCOR.

### No. 4363.

District Court, W. D. Missouri, W. D.

Sept. 23, 1946.

Harry F. Murphy, Asst. U. S. Atty., of Kansas City, Mo., for the government, or Dr. M. J. Pescor.

Plaintiff in pro. per.

REEVES, District Judge.

The petitioner seeks his discharge from custody because he was a juvenile within the provisions of the law when he was convicted of crime and was prosecuted by an indictment rather than by information as contemplated by Section 922, Chapter 31, Title 18 U.S.C.A. The petitioner relies on that part of said section which contains the following language:

"In such event such person shall be prosecuted by information on the charge of juvenile delinquency, and no prosecution shall be instituted for the specific offense alleged to have been committed by him."

It will be observed that the language of the statute is predicated upon the introductory words, "In such event." The preceding portions of the statute should be read in determining if the petitioner should have been prosecuted as a juvenile delinquent. The first part of the statute is as follows:

"Whenever any juvenile is charged with the commission of any offense against the laws of the United States, * * * he shall be prosecuted as a juvenile delinquent *if the Attorney General in his discretion so directs and the accused consents to such procedure.*"

While the defendant indicates that he did consent to prosecution as a juvenile delin-

quent and solicited such procedure, the record shows that his application to be prosecuted in this way was denied by the judge but it did not appear that the Attorney General in his discretion had directed that the accused be prosecuted as a juvenile delinquent. Unless the Attorney General so directs, then a juvenile may be prosecuted by indictment as in the case of adults.

■ The petitioner makes the further contention that although counsel had been appointed for him, yet his said "counsel failed to press petitioner's motion that he be tried as a juvenile." Unless the Attorney General directed that the defendant be prosecuted as a juvenile delinquent his counsel was not in a position to urge a motion that he be so prosecuted. The petitioner was charged with a serious crime, that of bank robbery, and apparently the judge who imposed the sentence was very lenient as the sentence inflicted was only a small part of the maximum that might have been imposed.

The petitioner is permitted to file his application for a writ of habeas corpus in forma pauperis but, under the circumstances, no cause of action is stated in the complaint and the same should be dismissed. It will be so ordered.